# BARKLEY-GRAY GROCER CO. v. KELLEY CIGAR CO.

L. A. No. 1083; July 28, 1902.

69 Pac. 852.

**Sale by Sample—Breach of Contract—Evidence.**—Unequivocal testimony of purchaser's agent that cigars shipped were greatly inferior to samples, thus breaking contract, is not contradicted by tes-

timony of defendant's agent that samples used were honestly selected by him, without intention to defraud, and of persons claiming to be experts that cigars of the same brand shown in court were good cigars, and of a former salesman of the manufacturer that it made only one class of cigars, and all of the same quality.

APPEAL from Superior Court, Los Angeles County; Waldo M. York, Judge.

Action by the Barkley-Gray Grocer Company against the Kelley Cigar Company. From an order denying plaintiff a new trial he appeals. Reversed.

Chas. H. McFarland for appellant; John D. Pope and A. L. Hawes for respondent.

SMITH, C.—The suit was brought to recover damages for the defective quality of goods sold by defendant to plaintiff under contract set out below, and the judgment was for defendant. The plaintiff appeals from an order denying his motion for a new trial. The following is the contract between the parties, so far as material:

"Los Angeles, Cal., Aug. 8th, 1899.

"We agree to consign to Barkley & Gray Grocer Co., 100 M., more or less, 'Uncle Josh Weathersby Cigars,' and furnish our own salesman to travel with salesman of Barkley & Gray G. Co. to place the cigars with the retail trade. All orders are to be signed by the purchaser, and taken on Kelley's regular order blanks. Barkley & Gray Grocer Co. are to pay for such cigars as are accepted by the credit men and shipped out. The balance of the cigars remaining unsold are the property of Kelley Cigar Co. The goods are to be sold not subject to countermand. All sales are bona fide and not returnable. The cigars are to be sold at not less than $35.00 per M. Terms of discount to the jobbers are: 10 per cent. trade and 4 per cent. cash discount—goods delivered by Kelley Cigar Co. All accounts to be discounted are closed by 60-day acceptance. . . . .

"Signed in duplicate.

"KELLEY CIGAR CO.,
"By C. E. LAZIER.
"BARKLEY & GRAY GROCER CO.,
"M. J. BARKLEY."

Samples of the cigars were exhibited to the plaintiff at the time of the transaction by the defendant's agent, and similar samples were used by the salesmen of plaintiff and defendant on sales made under the contract to merchants in Arizona and this state, and for the goods sold plaintiff paid the defendant in full. But it is alleged the cigars sold were inferior to the samples, and were returned to plaintiff by its customers, who refused to pay therefor. It is found by the court that the defendant agreed that the cigars to be delivered to plaintiff should be equal to the samples exhibited to plaintiff by defendant, and that there was a similar agreement by the salesmen of the plaintiff and defendant with the parties to whom sales were made. But it is also found that the cigars delivered by the defendant to the plaintiff, and by the plaintiff to its customers, were equal to sample; and whether this finding is justified by the evidence is the only question in the case. On this point, Barkley, who acted in the transactions in question on behalf of the plaintiff, and the various parties to whom the goods were sold, eight in number, testify unequivocally that the cigars were greatly inferior to the samples, and their evidence is strongly confirmed by the circumstances of the case. Nor do I find in the record any evidence contradictory, or tending to contradict, either directly or indirectly, their testimony. The testimony of Lazier, defendant's agent, tends indeed to show that the samples used were honestly selected by him, without intention to defraud; and several witnesses, claiming to be experts, testified that cigars shown them in court, of the same denomination or brand as those sold, were good five-cent cigars; and another witness testified that he had formerly been connected as traveling salesman with the Binghampton Cheroot Company, the manufacturers of the cigar in question, and that the company made only one class of cigars, and all of the same quality. But there was no testimony on behalf of the defendant as to the quality of the cigars returned to the plaintiff, or as to how they compared with the samples. There was therefore no substantial conflict in the testimony on this point, and the finding should have been for the plaintiff.

We advise that the order appealed from be reversed and the cause remanded to the lower court for a new trial.

We concur: Gray, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded to the lower court for a new trial.